IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| PEPPER M. HARDY, | ) | Case No. 12-44253-can13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| In Re: | ) | |
| | ) | |
| LARRY & TARA LOVELACE, | ) | Case No. 12-44909-can13 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## MEMORANDUM OPINION GRANTING CHAPTER 13 TRUSTEE'S OBECTION TO EXEMPTIONS

These Chapter 13 cases were consolidated for briefing and decision on the Chapter 13 Trustee's Objections to Debtors' claim of exemption in certain child tax credits and so-called additional child tax credits. Specifically, Debtors have claimed a portion of their 2012 tax refunds relating to such credits as an exempt "public assistance benefit" under Mo.Rev.Stat. § 513.430.1(10)(a).[1] For the reasons set forth below, the Trustee's Objection in each case is sustained.

*Factual and Procedural Background*

The parties agree that the facts are not in dispute and that the matter may be ruled by the Court on the filed briefs and review of the respective tax returns. No party disputes and the Court finds that this is a core proceeding over which the Court has jurisdiction. 28 U.S.C. §§ 157(b)(2)(B), 1334(b).

---

[1] All statutory references are to Mo.Rev.Stat. unless otherwise noted.

1

*Hardy Case*

The Debtor Hardy filed Chapter 13 on October 11, 2012. On her Schedule B, Question 18, she listed as an "Other liquidated debt owed to debtor including tax refunds":

> Approx. pro rata portion of 2012 income tax refunds. NOTE: $2,000 of the refund will be due to Child Tax Credit.

The Debtor valued this asset as worth $4,950. On her Schedule C, she claimed $4,895 of the $4,950 exempt: $595 under the Missouri wild card exemption (§ 513.430.1(3)); $2,300 under the head of household exemption (§ 513.440);[2] and $2,000 exempt as a "public assistance benefit" under § 513.430.1(10)(a).[3]

On her subsequently filed 2012 federal and state tax returns, Debtor claimed three dependents, a brother and two minor children under the age of 17. Her wages of $53,181 were offset by a business loss of -$20,750, making her adjusted gross income $32,431. Her federal income tax liability [Form 1040, Line 46] is $853. This liability was reduced by an Education Credit [Line 49, Form 8863] of $853, making her federal total tax liability $0. Debtor's $6,311 of federal refund is comprised of $926 in withholdings [Line 62]; $2,661 in Earned Income Credit ("EITC") [Line 64a]; $2,000 in Additional Child Tax Credit [Line 65, Form 8812]; and $724 in American opportunity credit [Line 66, Form 8863]. Her Missouri refund was $871.

*Lovelace Case*

The Debtors Lovelaces filed Chapter 13 on October 29, 2012. On their Schedule B, Question 18, they listed two refund-related assets:

---

[2] The Trustee did not object to the wild card or head of household exemption.

[3] Debtor also claimed the exemption under § 513.430.1(10)(b) (veteran's benefit) and (c) (disability, illness or employment benefit); those subsections do not apply and the Court assumes this was an error. To the extent necessary, the Court denies any claim of exemption under these subsections.

2

>    2012 Anticipated Income Tax Refund
>    $5,000 - $2,200 (estimated child tax credit) = $2,800*
>    92% (estate portion) = $2,576
>
>    2012 Anticipated Child Tax Credit
>    To the extent that debtors receive a child tax credit,
>    they will claim a 100% exemption on [sic] it

The Debtors valued the 2012 Anticipated Income Tax Refund as worth $2,576, and valued the 2012 Anticipated Child Tax Credit as "unknown." On their Schedule C, the Debtors claimed the entire $2,576 of the 2012 Anticipated Income Tax Refund exempt under wildcard and head of household exemptions,[4] and claimed 100% of the 2012 Anticipated Child Tax Credit exempt as a "public assistance benefit" under § 513.430.1(10)(a).

On their subsequently filed 2012 federal and state tax returns, Debtors claimed three dependent children under the age of 17. Their adjusted gross income is $58,401. The Debtors' federal income tax liability [Line 46] is $3,259. This liability was reduced by a $3,000 Child Tax Credit [Line 51, Form 8812] to $259, but increased by $3 by an "Other Tax" [Line 58], for a total tax liability of $262. Debtors paid in $4,653 in withholdings [Line 62], resulting in a federal tax refund of $4,391 [$4,653 - $262]. Their Missouri refund was $222.

The Chapter 13 Trustee timely objected in both cases to the Debtors' claim of exemptions in the child tax credit portion of their respective refunds. The Debtors respond that child tax credits were intended by the Missouri legislature to constitute an exempt public assistance benefit. The Debtors' arguments lack merit in both cases.

---

[4] The Trustee did not object to the head of household or wild card exemptions in the Lovelace case, either.

3

*Discussion*

*Background of the Child Tax Credit*

The Child Tax Credit ("CTC") is established in section 24 of the Internal Revenue Code ("IRC"), 26 U.S.C. § 24. The purpose of the CTC is to reduce the tax burden on working parents and to promote family values. *In re Law*, 336 B.R. 780, 783 (B.A.P. 8th Cir. 2006), *citing* H.R. Rep. 105-148, at 310 (1997); U.S. Code Cong. & Admin. News 1997, pp. 678, 704; S. Rep. 105-33, at 3 (1997). In essence, parents with an adjusted gross income below a defined threshold amount[5] may claim a $1,000 tax credit for each qualifying child[6] under the age of 17. 26 U.S.C § 24(a); *Law*, 336 B.R. at 782. The credit is reduced to zero on a graduating scale for taxpayers whose incomes exceed the threshold amount. *Id*.

The CTC as enacted in 1997 was part of subpart A of part IV of the IRC, and is thus classified under "nonrefundable personal credits." Such credits are distinguishable from IRC subpart C "refundable credits," such as the EITC. *Id*. at 783, n.3. This means that the CTC is used to reduce the taxpayer's tax liability, but is not refundable. Thus, for example, if a taxpayer with one qualifying child were entitled to use $750 of the $1,000 CTC to reduce tax liability to zero, the taxpayer would not receive the additional $250 CTC as a refund. *Cohen v. Borgman (In re Borgman)*, 698 F.3d 1255, 1258 (10th Cir. 2012).

The CTC was later amended, however, "to include refundability for excess credits." *Law*, 336 B.R. at 783, n.3. The excess credit, known as the "Additional CTC," is refundable, based on

---

[5] The threshold is $110,000 for married taxpayers, $75,000 for a single taxpayer, and $55,000 for a married taxpayer filing separately. 26 U.S.C. § 24(b)(2).

[6] *See, e.g.*, *Watley v. C.I.R.*, U.S. Tax Ct. 2012, 2012 WL 3599607 (taxpayer not entitled to additional tax credit where taxpayer had no qualifying children) (unreported); *Carlebach v. C.I.R.*, U.S. Tax Court 2012, 2012 WL 2946528 (taxpayer not entitled to child tax and related credits where children were not citizens during the relevant years).

a formula set out in 26 U.S.C. § 26(d)(1).[7] The formula is complicated[8] and interpretation of its provisions is beyond the scope of this opinion. *See generally Borgman*, 698 F.3d at 1258. But if, in the above example, the taxpayer qualified for the Additional CTC, not only would $750 of the $1,000 nonrefundable CTC reduce her tax liability to zero, but she could also receive some or all of the $250 difference as a refund. *Id*. In that way, the Additional CTC works similarly to other refundable credits, such as the EITC. *Id.*, *citing* 26 U.S.C. §§ 32, 6401(b)(1)(treating excess credits under Subpart C of the IRC as "overpayments").

*Missouri Exemption Law*

Commencement of a bankruptcy case creates an estate, consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case…" 11 U.S.C. § 541(a). Debtors may then exempt certain property from property of the estate under 11 U.S.C. § 522(b). It is axiomatic that only interests that are property of the estate may be exempted from the estate. *See, e.g., U.S. Dept. of Agri. Rural Housing Service v. Riley*, 485 B.R. 361, 365 (W.D. Ky. 2012).[9]

---

[7] As *Law* notes, the CTC's codification as a "nonrefundable credit" under Subpart A is not entirely accurate, in light of the amendment. *Law*, 336 B.R. at 783.

[8] 26 U.S.C. § 26(d)(1) provides that "[t]he aggregate credits allowed to a taxpayer under subpart C shall be increased by the lesser of – (A) the credit which would be allowed under this section without regard to this subsection and the limitation under section 26(a) or (B) the amount by which the aggregate amount of credits allowed by this subpart (determined without regard to this subsection) would increase if the limitation imposed by section 26(a) were increased by the greater of –(i) 15% of such much of the taxpayer's earned income (within the meaning of section 32) which is taken into account in computing taxable income for the taxable year as exceeds $10,000, or (ii) in the case of a taxpayer with 3 or more qualifying children, the excess (if any) of – (I) the taxpayer's social security taxes for the taxable year, over (II) the credit allowed under section 32 for the taxable year."

[9] This case nicely illustrates the difference between an "overpayment" and a "refund" and how the difference determines what is property of the estate and what the debtor may exempt. The debtors brought an adversary against the U.S. Dept. of Agriculture, Rural Housing Division ("USDA RHS") seeking the return of their federal tax refund that the USDA RHS had obtained through the Treasury Offset Program. The debtors argued that the USDA RHS had no right to set off what would have been their otherwise exempt tax refund generated as part of their overpayment of taxes. The District Court on appeal reversed the Bankruptcy Court's order that had granted judgment in favor of the debtors. The Court reasoned that an overpayment is distinguishable from a refund; an overpayment is any payment made by the taxpayer that is over and above the tax liability. A refund by comparison is the amount the IRS is obligated to pay the taxpayer *after* the IRS has exercised its right to offset. The

5

Missouri has opted out of the federal exemption scheme in § 522, thus "restricting Missouri residents to the exemptions available under Missouri law and under federal statutes other than 11 U.S.C. § 522(d)." *In re Corbett*, __ B.R. __, 111 A.F.T.R.2d 2013-1544, 2013-1 USTC P 50,265, 2013 WL 1344717 (Bankr. W.D. Mo. Apr. 2, 2013) (Federman, C.J.), *citing In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007) (additional cites omitted). No specific statutory section in Missouri allows the exemption of "tax refunds," "tax credits," or the like. "Rather, the only way a Missouri debtor in bankruptcy can claim an exemption in income tax refunds is to fit it within a specifically enumerated exemption statute…" *Corbett*, 2013 WL 1344717 at *1.

*Cases Attempting to Exempt Tax Refunds*

Missouri debtors have nonetheless tried over the years to convince bankruptcy courts that tax refunds of various stripes were either not property of the estate or were exempt using various arguments. A series of decisions in turn has held that refunds as contingent property interests in future payments[10] are property of the estate for purposes of bankruptcy law and not exempt under Missouri law.

In *Wallerstedt*,[11] the Eighth Circuit rejected the debtors' argument that a refund attributable to overwithholdings was exempt as "earnings" under § 525.030(2), the Missouri wage garnishment statute. Noting that a tax refund was an interest of the debtor and thus property of the estate, *Wallerstedt* relied on other cases and a common sense understanding that

---

overpayment does not create a debt due to the taxpayer because the taxpayer has no right to its overpayment until after the IRS has exercised its discretionary offset powers. The debtors therefore had nothing to exempt because, after the offset, they were not owed a refund. *Id.*, 485 B.R. at 365-66.

[10] *See Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966) (tax refunds are sufficiently rooted in the prebankruptcy past and so little entangled with the bankrupts' ability to make a fresh start that they should be regard as property that vests in the estate ratably throughout the year.)

[11] *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630 (8th Cir. 1991).

6

exempt "earnings" are periodic payments of compensation, and not a property interest such as a tax refund, even though a refund might be traceable to earnings.[12]

In *Goertz*,[13] the Bankruptcy Court rejected the debtors' argument that the EITC should be distinguished from a tax refund. Relying on the plain language of § 541(a), the Court in *Goertz* reasoned that an EITC is an interest of the debtor that is property of the estate. By comparison, in *Demars*,[14] the debtors agreed that the EITC was property of the estate, but attempted to exempt the EITC as a "local public assistance benefit" under the predecessor version of § 513.430.1(10)(a). Noting the express social welfare purpose of the EITC, *Demars* concluded that a federal tax credit intended for poor working families was nonetheless plainly not a form of "local" public assistance.

Then, in *Law*,[15] the debtors attempted to convince the Eighth Circuit B.A.P. that the refundable portion of the CTC was distinguishable from the EITC for tax policy purposes and therefore was not property of the estate. Specifically, the debtors argued that EITC accrued to taxpayers throughout the year whereas the CTC was available only for a tax year consisting of 12 months. The B.A.P. concluded that, notwithstanding their differences for tax purposes, under bankruptcy law the CTC as a contingent interest in a future payment was clearly property of the estate.

Finally, in *Benn*,[16] the Eighth Circuit rejected the debtors' argument that even though income tax refunds are not "subject to attachment or execution" under applicable Missouri law,

---

[12] *Id.*, 930 F.2d at 632.

[13] *In re Goertz*, 202 B.R. 614, 616 (Bankr. W.D. Mo. 1996).

[14] *In re Demars*, 279 B.R. 548 (Bankr. W.D. Mo. 2002).

[15] *Stover v. Law (In re Law)*, 336 B.R. 780, 782 (B.A.P. 8th Cir. 2006).

[16] *In re Benn*, 491 F.3d 811, 813 (8th Cir. 2007).

that fact alone did not make the refunds exempt property since the "applicable law" was not in the nature of an exemption statute.

*Amendment to § 513.430.1(10)(a)*

With apparent awareness of this backdrop, the Missouri legislature amended § 513.430.1(10)(a), effective August 28, 2012, to remove the word "local" from the phrase "public assistance benefit." The statute, which is specifically captioned "Property exempt from attachment… now provides in pertinent part:

> 1. The following property shall be exempt from attachment and execution to the extent of any person's interest therein: ---
>    (10)   Such person's right to receive:
>           (a) … a public assistance benefit.

In the first case before this Court to interpret § 513.430.1(10)(a) after its amendment, Chief Judge Federman held that, given the social welfare purpose of the EITC, the EITC is now exempt under Missouri law as a "public assistance benefit." *Corbett*, 2013 WL 1344717 at *3. The question now before this Court is whether the Additional CTC as a credit also available to parents should similarly be held exempt.[17]

The parties in these cases agree that the change in the Missouri statute did not affect the status of the CTC. The CTC as a nonrefundable credit is not property of the estate and therefore cannot be exempt. *See also Zingale v. Rabin (In re Zingale),* 693 F.3d 704 (6th Cir. 2012) (non-refundable portion of CTC not exempt under Ohio law exempting "payments" under 26 U.S.C. § 24).

---

[17] The issue as briefed by the Debtors refers generally to whether the CTC is exempt; however, the Debtors' claim of exemptions and the Trustee's objections were made before the Debtors in each case finalized their tax returns for 2012, and the Court assumes the Debtors were not aware at the time of filing their Schedule Cs and briefs whether the CTC or the Additional CTC would be applicable, and thus the Debtors' reference to the CTC was intended to be a general reference only.

With this background, the Court can easily dispose of the objection in the Lovelace case. The Lovelaces' $3,000 CTC reduced their tax liability from $3,262 to $262, but the CTC is not the basis of their federal refund of $4,391. Rather, their refund is directly attributable to the $4,653 in federal income tax withheld. Debtors do not argue – and would be foreclosed from doing so by *Law* – that their $3,000 nonrefundable credit constitutes property of the estate, a necessary prerequisite to exempting such credit from the estate.

Even if Debtors attempted to argue so, this Court would be persuaded by the plain language of the Missouri exemption statute, which exempts a person's "right to receive" the public assistance benefit. The Lovelaces have no right to and are not receiving the $3,000 nonrefundable credit; they are receiving what they overpaid in taxes. They are thus bound by *Wallerstedt*, which rejected any claim of exemption in refunds attributable to overwithholdings.[18] *See also Borgman*, 698 F.3d at 1259 (under applicable Colorado law, tax refund was attributable to overwithholdings, not to the nonrefundable CTC).

The Court concludes that the Lovelaces have no property interest in and have not received an Additional CTC; therefore, to the extent not moot, the Trustee's objection to their claim of 100% exemption in the "2012 Anticipated Child Tax Credit" is sustained.

Ms. Hardy, on the other hand, has a right to receive and *is* receiving $2,000 in Additional CTC. Of that amount, based on the October 11th date of filing, approximately 78% constitutes property of the estate. The Court nonetheless does not believe that the Debtor is entitled to claim 78% of the Additional CTC as a "public assistance benefit" within the meaning of § 513.430.1(10)(a).

---

[18] Debtors' argument in *Wallerstedt* is now also foreclosed by *Benn*. *See, e.g.*, *In re Parsons*, 437 B.R. 854 (Bankr. E.D. Mo. 2010) (Missouri wage garnishment statute not an exemption statute under *Benn)*.

9

Although § 513.430 does not define "public assistance benefit," the phrase "public assistance benefits" as used in other parts of the Missouri Revised Statutes refers to food, housing, unemployment and like benefits, provided to unemployed, low income, elderly, disabled citizens or dependent children. *E.g.*, Chapter 208 (Old Age Assistance, Aid to Dependent Children and General Relief), §§ 208.001, *et seq.*[19] By comparison, the full $1,000 per child Additional CTC is available for joint taxpayers with up to $110,000 in adjusted gross income and is available to taxpayers with higher incomes in reduced amounts. 26 U.S.C. § 24(b)(2). The threshold for a single taxpayer like Ms. Hardy is $75,000 of adjusted gross income; a taxpayer with this level of income would not generally be considered "needy" in comparison to unemployed, disabled or elderly citizens.

The EITC's specific purpose was to provide economic relief to those defined as "low-income workers." In contrast, the CTC's availability was not restricted to low-income workers; rather, its purpose in sum was to give parents of dependent children a "financial break." *In re Law*, 336 B.R. at 783. Given that the CTC is available to taxpayers who could be described as relatively affluent in comparison to the low income working parents who qualify for the EITC, the Court concludes that the Missouri legislative would not have intended the CTC to be a "public assistance benefit."

The Debtors in these cases point the Court to the one decision finding the Additional CTC to be exempt as a public assistance benefit under a similarly worded state statute. *In re*

---

[19] For example, for purposes of the Missouri statute penalizing the fraudulent obtaining of public assistance benefits, "public assistance benefits, programs and services" is defined as "anything of value, including money, food, food stamps, commodities, clothing, utilities, utilities payments, shelter, drugs and medicine, materials, good, and any service, including institutional care, medical care, dental care, child card, psychiatric and psychological service, rehabilitation instruction, training, or counseling provided pursuant to chapters 198, 207, 208, 209, and 660, RSMo, or benefits, programs, and services provided or administered by the department of social services." § 205.967.1 (1). To be eligible for such services, the "claimant" is also means-tested. *See* § 208.010.

*Koch*, 299 B.R. 523 (Bankr. C.D. Ill. 2003). Without attempting to work though the statutory formula in 26 U.S.C. § 24, Debtors simply parrot *Koch's* argument that middle and upper income level taxpayers will rarely receive the refundable Additional CTC, based on the interplay of the CTC, the phase-out above the threshold amount, and the Additional CTC.

The Court believes that how the CTC and Additional CTC impact disparate taxpayers with disparate tax situations is beside the point. The fact the Additional CTC is available as a refund for taxpayers whose income places them out of range for most public assistance benefits available to Missourians is a sufficient basis to conclude that the Additional CTC is not an exempt "public assistance benefit." The Missouri legislature was obviously aware of the different types of tax credits when it amended § 513.430.1(10)(a), and could have specified Additional CTCs had it so intended. The Court does not think the availability of an exemption should be dependent on an individual taxpayer's tax situation, regardless of what might be the practical effect of 26 U.S.C. § 24. Either the Missouri legislative intended the Additional CTC to be exempt or it did not. Concluding that it did not, the Court therefore declines to follow *Koch*.

ACCORDINGLY, the Trustee's Objection to Exemptions in each case is sustained.

SO ORDERED this 16th day of May 2013.

/s/ Cynthia A. Norton
United States Bankruptcy Judge